A. Raymond Hamrick, III (State Bar No. 93821)
Kenneth C. Greene (State Bar No. 95210)
Michelle E. Goodman (State Bar No. 238429)
**HAMRICK & EVANS, LLP**
111 Universal Hollywood Drive, Suite 2200
Universal City, California 91608
Telephone No.: (818) 763-5292
Fax No.: (818) 763-2308

Attorneys for CHATEAU DE LOUIS, LLC,
NO. NINE, LLC and REAL ENTERPRISES, LLC

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | Case No. 07-40608 NK |
| PW COMMERCIAL CONSTRUCTION, INC., a California Corporation TAX IDN 20-0540430, | Chapter 7 |
| | RS No. 3400.01 PWBK |
| Debtor | (Assigned to Hon. Randall J. Newsome) |

*EX PARTE* **APPLICATION FOR RELIEF FROM AUTOMATIC STAY, OR IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME FOR HEARING THE APPLICATION FOR RELIEF FROM AUTOMATIC STAY**

Chateau de Louis, LLC, No. Nine, LLC and Real Enterprises, LLC (collectively, "Moving Parties"), which are creditors in these proceedings, hereby apply to this Court *ex parte* for an Order relieving Moving Parties from the provisions of the automatic stay imposed by 11 U.S.C. § 362(a), or in the alternative, for an Order reducing the amount of time for the hearing on Moving Parties' Application for Relief from Automatic Stay, so that this matter is heard as soon as the Court may allow it to be heard. This Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 105 and 362.

Moving Parties are each limited companies duly organized and existing under the laws of the State of California, with principal place of business in San Francisco, California. In or about 2005,

-1-

Case: 07-40608   Doc# 178   Filed: 02/12/09   Entered: 02/12/09 16:43:01   Page 1 of 3

HAMRICK & EVANS, LLP

Moving Parties arbitrated a dispute against Pinewave Construction, Inc. ("Pinewave"), which ultimately resulted in the entry of judgment (including an award of monetary damages) in favor of Moving Parties in the case entitled *Chateau de Louis, et al. v. Pinewave Construction, Inc.*, San Francisco Superior Court case no. CPF-05-505736.

When Moving Parties attempted to collect on the judgment in the above-mentioned prior action, they discovered that shortly after the prior action was instituted, Pinewave had intentionally been shut down, and during the same time period, the same group of owners and officers formed PW Commercial Construction, Inc. ("Debtor"). Significantly, Pinewave's assets were liquidated, and transferred to Debtor, which retained the same owners, officers, computers, equipment, employees, addresses, telephone number, lawyers, accountants and website as Pinewave.

As a result, Moving Parties filed suit against Debtor and its directors, officers and shareholders on December 8, 2006, alleging Causes of Action for Successor Liability, Alter Ego Liability and Transfers Made in Fraud of Creditors against Debtor. This case is entitled *Chateau de Louis, et al. v. Eric Au, et al.*, San Francisco Superior Court case no. CGC-06-458814 ("State Court Action"). On or about February 28, 2007, Debtor filed a petition under Chapter 11 of the United States Bankruptcy Code, and subsequently converted to a Chapter 7 petition. Pursuant to 11 U.S.C. § 362(a) an automatic stay has been imposed to bar Moving Parties from litigating the State Court Action, as to Debtor. In fact, Debtor's counsel has prevented Moving Parties from obtaining any evidence that even remotely relates to Debtor in connection with the State Court Action, regardless of whether that evidence is connected to the adjudication of Moving Parties' claims against the other parties to the State Court Action.

Moving Parties are entitled to relief from the automatic stay for cause, pursuant to 11 U.S.C. § 362(d)(1), based on the fact that judicial efficiency supports Moving Parties' adjudication of the claims against Debtor in the State Court Action. Moving Parties request that the Court modify the automatic stay to the extent that Moving Parties may proceed in their litigation against Debtor in the State Court Action, for the purpose of determining the validity and amount of Moving Parties' claim against Debtor. Moving Parties do *not* seek to recover any judgment against Debtor in the State Court Action, which matter clearly remains within this Court's jurisdiction.

-2-

Case: 07-40608   Doc# 178   Filed: 02/12/09   Entered: 02/12/09 16:43:01   Page 2 of 3

Moving Parties require that the Court grant relief from the automatic stay on an *ex parte* basis, pursuant to Federal Rules of Bankruptcy Procedure Rule 4001(a)(2), or in the alternative, that the Court reduce the amount of time for the hearing on this Application pursuant to Federal Rules of Bankruptcy Procedure Rule 9006(c)(1). *Ex parte* relief from stay or shortened time is necessary in this action because continuing to delay the adjudication of the issues in the State Court Action will prejudice Moving Parties and the Trustee, waste judicial resources and further complicate and delay re-organization of Debtor's estate, distribution to claimants and dismissal of this matter. In addition, Moving Parties require relief from the automatic stay immediately, as in the State Court Action is scheduled to begin on March 2, 2009.

Accordingly, based on the foregoing and on the Memorandum of Points and Authorities and Declaration of Kenneth C. Greene in support hereof, Moving Parties request relief from the automatic stay.

DATED: February 12, 2009          HAMRICK & EVANS, LLP

By:    /s/ Kenneth C. Greene _____
A. RAYMOND HAMRICK, III
KENNETH C. GREENE
MICHELLE E. GOODMAN
Attorneys for CHATEAU DE LOUIS, LLC,
NO. NINE, LLC and REAL ENTERPRISES, LLC

*EX PARTE* APPLICATION FOR RELIEF FROM AUTOMATIC STAY OR ORDER SHORTENING TIME FOR HEARING APPLICATION FOR RELIEF FROM AUTOMATIC STAY

Case: 07-40608  Doc#:178  Filed: 02/12/09  Entered: 02/12/09 16:43:01  Page 3 of 3